**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH DAKOTA**



CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE

_____

FEDERAL BUILDING AND UNITED STATES POST OFFICE            TELEPHONE: (605) 945-4490
225 SOUTH PIERRE STREET, ROOM 211                                      FAX: (605) 945-4491
PIERRE, SOUTH DAKOTA 57501-2463

February 22, 2008


Forrest C. Allred, Esq.
Attorney for Trustee-Plaintiff
14 Second Avenue Southeast, Suite 200
Aberdeen, South Dakota 57401

William E. Coester, Esq.
Attorney for Debtor-Defendant
Post Office Box 66
Milbank, South Dakota  57252-0066

Clair R. Gerry, Esq.
Attorney for Defendant Beverly A. Porter
Post Office Box 966
Sioux Falls, South Dakota  57101-0966

      Subject:  ***Forrest C. Allred, Trustee v. James Wright Porter and Beverly A. Porter (In re James Wright Porter)***
                Adv. No. 07-1012; Chapter 7; Bankr. No. 06-10119

Dear Counsel:

      The matter before the Court is Trustee-Plaintiff Forrest C. Allred's motion for summary judgment.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As discussed below, Trustee-Plaintiff Allred's motion will be denied.

      **Summary.**  By his complaint, Trustee-Plaintiff Forrest C. Allred ("Trustee Allred") asks the Court to avoid Debtor-Defendant James Wright Porter's ("Debtor") pre-petition transfers of certain real property in Day County, South Dakota ("the lake property") and Palm Beach County, Florida ("the Florida property") to his wife, Defendant Beverly A. Porter ("Beverly Porter").  He also asks the Court to impose a

Re: *Allred v. Porter*
February 22, 2008
Page 2

constructive trust or resulting trust on Atlantic Auto Group, Inc.[1] and Beverly Porter's interest therein and on certain real property in Palm Beach County, Florida owned by Beverly Porter as a result of a series of sales and purchases that followed Debtor's pre-petition transfer of the Florida property to her.  Following extensive discovery, Trustee Allred moved for summary judgment on all counts of his complaint.

**Discussion.**  Summary judgment is appropriate when "there is no genuine issue [of] material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(c).  An issue of material fact is *genuine* if it has a real basis in the record.  *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein).  A genuine issue of fact is *material* if it might affect the outcome of the case.  *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion.  *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997).  Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult.  *Cf. Amerinet, Inc. v. Xerox Corp.*, 972 F.2d 1483, 1490 (8th Cir. 1992) (citation omitted).

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he identifies that part of the record that bears out his assertion.  *Handeen v. LeMaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).  No defense to an insufficient showing is required.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.

If the movant meets his burden, however, the nonmovant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial."  *Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)).  The nonmovant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations.  *Bell*, 106 F.3d at 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995)).

In this case, genuine issues of material fact remain.  With respect to the lake

---

[1] Atlantic Auto Group, Inc. was not named as a defendant in Trustee Allred's complaint and has not been joined as a defendant.

Re: *Allred v. Porter*
February 22, 2008
Page 3

property, there is a factual dispute regarding Debtor's intent in transferring the property to Beverly Porter. Trustee Allred relies primarily on Debtor's testimony at his § 341 meeting of creditors to establish Debtor acted with fraudulent intent. That testimony certainly suggests Debtor may have acted with the requisite intent, although in her brief Beverly Porter argues Debtor's statements were taken out of context. Moreover, in her affidavit, Beverly Porter describes the transfer as part of a settlement agreement between Debtor and "Dakota Bank,"[2] which held a January 18, 2002 judgment for $497,165.18 against Debtor. According to Beverly Porter, Debtor transferred the property to her in return for her surrendering her interests in other real property and her consenting to the bank's placing a mortgage against the lake property to secure Debtor's note for $61,374.21. If the Court accepts Beverly Porter's version of the facts, Trustee Allred cannot prevail under 11 U.S.C. § 548(a), S.D.C.L. § 54-8A-4, or 28 U.S.C. § 3001, *et seq.*[3]

With respect to the Florida property, there is a factual dispute regarding whether Debtor and Beverly Porter were Florida residents and were therefore entitled to claim the property as their homestead at the time Debtor transferred his interest in it to Beverly Porter. There is also a factual dispute regarding whether Debtor and Beverly Porter held the property as tenants by the entireties at the time Debtor transferred his interest in it to Beverly Porter.

Trustee Allred points to various statements in Debtor's petition, statement of financial affairs, and testimony at his § 341 meeting of creditors that indicate Debtor was not a Florida resident at the time he filed his petition or during the three years prior to his petition. This does not, however, address the question of Debtor's residency and thus his right to claim the property as his homestead on February 12, 2002, the date of the transfer. On the other hand, in her affidavit, Beverly Porter states unequivocally she and Debtor were Florida residents at the time they purchased the Florida property and they purchased it as their homestead. Beverly Porter argues in her brief, and Trustee Allred does not seem to dispute, a transfer of exempt property cannot be fraudulent, inasmuch as the transferor's creditors are not deprived of anything when an exempt asset is transferred.

---

[2] In his brief, Trustee Allred spells the bank's name "Dacotah." In her brief, Beverly Porter spells the bank's name "Dacotak."

[3] While the parties seem to assume 28 U.S.C. § 3001, *et seq.* ("Federal Debt Collection Procedure"), provides a mechanism for Trustee Allred to avoid certain transfers, the Court is not necessarily persuaded that is so.

Re: *Allred v. Porter*
February 22, 2008
Page 4

The same can be said about property held by a married couple as tenants by the entireties, which can only be reached to satisfy the couple's joint debts, at least in Florida under the authority cited by Beverly Porter in her brief. A transfer of such property can only be fraudulent with respect to any joint creditors, because the creditors of the transferring spouse are not deprived of anything when the property is transferred to the other spouse.[4] In his reply brief, Trustee Allred focuses on the question of whether the Florida property is *now* held by Debtor and Beverly Porter as tenants by the entireties. Again, however, that is not the issue. The issue is whether Debtor and Beverly Porter held the Florida property as tenants by the entireties on February 12, 2002, the date of the transfer. Under the circumstances, if the Court accepts Beverly Porter's version of the facts, and if Trustee Allred fails to produce controlling or persuasive authority to the contrary, *i.e.*, in support of the proposition that a transfer of exempt property *can* be fraudulent, Trustee Allred cannot prevail under S.D.C.L. § 54-8A-4, F.S.A. § 726.105, or 28 U.S.C. § 3001, *et seq*.

Finally, with respect to Atlantic Auto Group, Inc., there is a factual dispute regarding the nature and extent of Debtor's involvement with the company. Trustee Allred relies on Beverly Porter's testimony at her deposition and a number of exhibits produced at that deposition to demonstrate Debtor was a director and president of the company until he was removed in March 2004, signed a number of corporate checks without any apparent authority to do so, and had a number of his personal obligations paid by the corporation but failed to recognize those payments as personal income. These facts could conceivably suggest the corporation was a sham. However, in her affidavit, Beverly Porter states she started the corporation with her own funds, she is and always has been the sole shareholder of the corporation, she is the only one to have lent personal funds to the corporation for operating expenses, she obtained a line of credit for which Debtor is not responsible, and she is the only personal guarantor on corporate obligations, including the necessary corporate bond. She further states she allowed Debtor to write checks for the corporation, but she believed some of those checks were for corporate legal fees.

Trustee Allred says in his brief, "[T]he fact that a corporation conducts some legitimate business transactions does not mean that all of its actions are proper and legitimate." That is undeniably true. The converse is, of course, also true. If the Court accepts Beverly Porter's version of the facts, the most that can be said about

---

[4] In her affidavit, Beverly Porter says the debts listed on Debtor's bankruptcy schedules are Debtor's alone and she has no joint liability on those debts.

Re: *Allred v. Porter*
February 22, 2008
Page 5

her handling of the corporation's affairs is she should perhaps have been more careful with the corporation's checkbook. That alone would not warrant piercing the corporate veil in reverse or imposing a constructive trust or resulting trust on the corporation.

Beverly Porter has advanced specific facts to create genuine issues of material fact for trial. Whether those issues are ultimately resolved in her favor will be determined at that trial. In the meantime, however, Trustee Allred's motion for summary judgment must be denied.

The Court reserves the issue of whether Trustee Allred's complaint should be dismissed as to Debtor for the reasons outlined in Debtor's response to Trustee Allred's motion. In its Order Denying Debtor-Defendant's Motion to Dismiss without Prejudice, the Court denied Debtor's motion to dismiss as untimely but said Debtor would be permitted to incorporate the relevant aspects of his motion to dismiss in his response to Trustee Allred's motion. Debtor did so, and the Court is inclined to grant his request. However, the Court will hear arguments on this issue – and on the closely related issue of whether Atlantic Auto Group, Inc. needs to be joined as a defendant in this matter – at the pre-trial that will be set following entry of this letter decision.

The Court will enter an appropriate order.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

cc:   adversary file (docket original in adversary; serve copies on counsel)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota